IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | Criminal Action No. |
| CORNELIUS WRIGHT, | : | 7:10-cr-15 (HL) |
| | : | |
| Defendant. | : | |
| _____ | : | |

## ORDER

Before the Court is the Government's motion to disqualify counsel (Doc. 26) and the motion to compel disclosure of confidential witnesses filed by Defendant Cornelius Wright ("Wright") (Doc. 35). This order explains why the motions are denied as moot.

The Government alleged in its motion to disqualify that defense counsel Nathaniel Haugabrook ("Haugabrook") was simultaneously representing Isaac Camon, a defendant indicted in the Middle District of Florida because of his role as the alleged leader of a drug trafficking organization of which Wright was a member. The dual representation was alleged to create a conflict of interest that warranted Haugabrook's disqualification from the case.

The Court conducted an evidentiary hearing on the motion to disqualify on June 2, 2011. The Court heard testimony and received evidence on the issue of whether an attorney client relationship existed between Haugabrook and Camon. The Government asked the Court to rule on whether an attorney client relationship

existed before the Government presented its evidence on a second issue – whether Camon's interests were adverse to Wright's.

After considering the evidence, the Court ruled that an attorney client relationship existed between Camon and Haugabrook. Evidence supporting this conclusion is that Haugabrook appeared with Camon at Camon's criminal proceedings held in Georgia. Haugabrook attended Camon's pretrial interview and was initially standing within the bar at Camon's initial appearance. Haugabrook's appearances at these legal proceedings cannot be deemed accidental and can only be inferred to mean that Haugabrook was present in his capacity as a lawyer to provide legal assistance to Camon. Taken alone, that evidence was not sufficient to convince the Court, but there was other evidence presented that was the icing on the cake and sufficiently convinced the Court that Haugabrook represented Camon. The evidence was that Haugabrook met with Camon after his arrest in jail and discussed Camon's case with Camon and attorney Miles Hannon ("Hannon"). Hannon testified that the three discussed matters relating to the Camon's criminal indictment and that some of the discussion involved matters not known the public or the U.S. Attorney's office. Such matters were confidential. Haugabrook's participation in this discussion, even if limited as he asserted, is sufficient to show that Haugabrook had an attorney client relationship Camon.

Following the Court's ruling, Haugabrook made an oral motion to voluntarily withdraw from the case. The Court granted his oral motion, permitted Haugabrook

to withdraw, and concluded the hearing without the presentation of further evidence. Haugabrook's voluntary withdrawal from the case made the motions moot. Accordingly, this order hereby denies the motion to disqualify (Doc. 26) and the motion to compel disclosures of confidential witnesses (Doc. 35) as moot.

**SO ORDERED**, this the 3rd day of June 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc